Good morning, Your Honors. I'm pleased to court Brian Morris representing Garrett Brown on this appeal. I'd like to reserve four minutes in the end for rebuttal. For a brief overview, this matter is about Before we get started, let me just take a brief minute. The briefs are sealed, and I take it that the reason they are sealed is because there is a reference to a certain person there whose medical records are involved here. And this, of course, is an open hearing. The transcript of the hearing or the audio of the hearing will be on our website. And no one from counsel has told us if there's anything we should not be speaking about. Do you have a view on this? I don't want to Yes, thank you. Actually, this is my I'm here rarely my first time on a sealed issue, and I had not thought about that. You're correct. We have a third party's medical issues that may be discussed. I think we can simply refer to the record without mentioning what the medical issue is. OK, I just I just want to flag this issue just so we don't stumble into something. And I guess if we say anything, you can always make a motion to take the audio off our website or to keep it off our website. So go ahead. But there are there are parties not connected with the case in the audience. So that is correct. So anyway, go ahead and just be aware of mentioning specifically what occurred as to the medical issue. Yeah, I don't want to stymie you in discussing it because I know this is very close to the issue, but there it is. Garrett Brown's wife was put in the hospital for seven days. And the overview of this is was he allowed any sort of FMLA leave because his wife is in the hospital for an extended period of time. Getting to the exact issues before this court, we have an issue as to point accumulation with his employer, as well as sufficiency of medical certification papers, which, as the record shows. As I understand the employer's position, and I'd like to sort of address it as I understand it, is that there is some dispute as to whether, in fact, he needed to take needed in quotes, whether it was necessary for him to take the leave to assist this person. And I am and there were back and forth. There were several forms filled out by different physicians that seemed to say inconsistent things. And I am I think that's where we are, isn't it? No one disputes that he had been entitled to take leave if, in fact, it was the kind of thing where he needed to go and take care of this person. But then the documentation didn't support that. At least that's the employer's position. All right. Well, and that gets to the actual certification forms. And the employer has stated, and I don't want to make the argument for him, but, yes, we do not see why it was medically necessary. But that becomes part of the problem in itself. The forms initially were deficient. There's many grounds upon which someone may be provided leave under the Family Medical Leave Act. One is taking care of themselves, taking care of a family member, or even providing psychological support for a family member. Taking the employer's argument, when someone is released from the hospital after a seven-day stay, they're supposed to be perfect. And you don't provide any support. You don't stay with them whatsoever. To be fair to the employer, as I understand this saying, is nowhere sort of agnostic on this issue. You might be able to need help, or you might come out of the hospital and be perfectly fine. That's why we ask for these forms. We ask physicians to tell us, is this somebody who came out of the hospital who needed assistance? And at least the treating physician seemed to say, no, this is not necessary. Well, the treating physician, there were multiple physicians involved. Right. You know, it's not just one physician at the hospital. Yeah, I got that part. The treating physician responded after a phone call from the employer, which is in direct violation of the Family Medical Leave Act. The treating physician, if we're talking about the primary, also responded without having the benefit of the form as to seeing, well, what kind of issues do qualify under the Family Medical Leave? It was a phone call, and they wrote a letter. After that treating physician then wrote that letter without having that benefit, another certification form did come in. And so if you're going to look at the latest and also the most proper, that third certification form is very clear that leave is proper in this matter. And I think we still need to go back to the first issue as to what was on the certification forms themselves. It was generated by the employer. The employer certainly can limit the questions it asks, but if it doesn't ask all the appropriate questions, it then later can't invoke the FMLA stating, oh, the form did not say this. The physician did not say this, when they never asked that question. So we do have an issue as to the forms. There's also a big issue as to when Mr. Brown was terminated. And just so I understand, in which way do you claim the forms are deficient? There are two pages to really reference, Your Honor. One is the excerpts of record 65, and then the third form. I'm referencing the third form would be excerpts of record 70 for the specific page. Go into 65, the employer-generated form. It asks about the patient. How is the patient doing? What does the patient need? It doesn't overly then go to the employee in this case taking care of a family member. It does address. We're looking at 65 right now?  Excerpt appellants, excerpt of record 65. Yes, this is actually, I would say, the second certification, because the first and second are identical, except it was returned and then the doctor made some changes and signed it. And if I may read, under paragraph 6, it says, intermittent leave is, quote, medically necessary for an employee to care for the patient. We're not here on just medical necessity to care for a patient once they've left the hospital. And that case is, I believe, a Scamahorn case, also a Nevada case, where it was found that the person being taken care of, the father, was able to medically take care of themselves, but psychological support may be necessary and definitely was found to be proper. Before I continue on this path, though, I did miss a point I do want to make that's very important. Mr. Brown submits he was actually terminated on July 17th, as the union representative also says Mr. Brown was clearly terminated. This was before Mr. Brown was given an opportunity, the 15-day mandatory period, to even return the papers. If Mr. Brown was, in fact, terminated before he was ---- But in that instance, aren't we really arguing about whether the employee and the company had come to an agreement outside the 15-day term? I mean, I understand that the 15 days would be necessary when originally FML leave is requested. But after that, don't the employee and the employer have a right to negotiate for a time for the return of the form? I do not believe so, but even if that's the case, that's not what occurred in this matter. He was terminated. There's now an issue as was the ---- Well, but to be fair, you're arguing he was terminated. But if you read the record, he was never terminated until the end. In fact, every time he got together back with the company, they said if you'll just go get another form, you can come back to work. I would like to submit that's an issue of fact. We have two Mr. Brown and union representatives saying it's clearly ---- Well, I understand. But I even read his affidavit, and I didn't find anything where he said that or disputed the fact that each time he met with the company representative, he was given another chance to go out and get some more form. I mean, everything that I saw in the record suggested that every time he got back with the employer, the employer said, well, we know what we said last time, but if you'll go get us another form, you're still in. Well, and I respectfully disagree with that, Your Honor. He was given ---- What part of his affidavit says that's wrong? I don't recall what his affidavit said explicitly. I didn't see it either. But I do know he was told on July 19th, here are your forms. You must return these forms today, drive to Fallon, three-hour round trip before you may return to work. An employee doesn't know the law and is going to say, okay, okay, okay. And his reunion rep doesn't know it either? I would say absolutely not. They're dealing with other issues and issues in general, Your Honor. I would like to go to now what the next ---- another argument of the employer is that the forms were not returned on the exact day we told them to, that specific day. And now since they have not returned and we're preventing him, Mr. Brown, from working, we're going to hold those new days against you, even though the employer themselves was the one preventing Mr. Brown from working when he did have time to return the forms. And I'm short on time. I would like to ---- I know we ate up some of it in some preliminary matters, but I would like to reserve time for rebuttal. Okay? Thank you. May it please the Court. My name is Christina Gomez and I represent Premier Chemicals, the employer in this matter. Reversing the district court's entry of summary judgment would expand the FMLA and depart from this court's prior decisions in two pretty significant ways. First, it would require employers to provide leave to employees even after their family members were no longer suffering from a serious medical condition, or at least were not incapacitated by that condition or receiving treatment at the time the employee is seeking leave. And then second, it would also require employees ---- excuse me, employers to provide FMLA leave even when the employees, after being given multiple opportunities, fail to provide a certification that actually satisfies the requirements of the statute and regulations. Was there ever a time when your client allowed the employee the 15 days? I will acknowledge that ---- Was there ever a time? No, there was not. There was never a time. So there was never a time that your client allowed that employee the statutory required time to go get his papers filled out. There's two reasons why that doesn't matter, though. First of all, it might matter if they ---- if he showed that had he been given that time, he could have provided an adequate certification. And he never did that in this case. But second, the first certification he ---- Is that a question of fact? I mean, the bottom line is your opposition suggests that the last form was adequate, not only adequate, but it said he should have had the FMLA leave. Going back to the very first certification, which ---- I'm not talking about the first time. I'm talking about the last certification by the family physician who filled out all the form and said he's entitled to the leave. Even that last certification was deficient. And several ways we've gone through ---- Isn't that a question of fact? That's my question. Because basically you say, well, that doctor's not quite good enough, even though doctors can all the time read records and interpret, because it's Dr. Hockenberry, and it only showed the need for intermittent leave. So you say, well, it's really deficient. Well, now you've got dueling views on the form, don't you? Well, there's one critical problem, for instance, in this. There has to be an ongoing medical condition, and that form says on its face, this condition lasted for ten days. It ended before the time that he started taking leave. Meaning he's got to be able to show that he's entitled. I mean, that's based on this court's precedent. That's not an ---- that's an issue of law. He has to be able to present sufficient evidence to show that his wife was suffering from a serious mental condition at that time in question. And that form indicates, first of all, that the duration had ceased. But the only ---- One of the other things ---- What part of the date does it say it ceased? It wasn't a date of cease. It said what time, what day it started, which I believe was the 4th of July. And then it said duration of ten days. In addition, the regulations require, and there's several cases we've cited in our briefs where courts have decided on summary judgment. If you haven't surpassed ---- I mean, if you haven't presented all of these things that the regulations require, you're not entitled to the leave. And one of those things is the medical facts supporting the leave. The only medical facts that were stated, even in that final certification, was that the wife had been hospitalized. But again, the hospitalization ceased before the leave that's in question. And there were no other facts indicating that she was still having any ongoing treatment or anything else that would have her actually be covered by the FMLA. Okay. The one other thing I wanted to say, going back to the initial question about not having the 15 days, we've also cited cases in our briefs indicating that once you provide one certification, in particular in this instance, the very first certification was what's known as a negative certification. My client could have just terminated him right at that point in time, regardless of the 15 days. The problem comes when you make that argument, is that I have to determine that the first certification was a valid one. The plaintiff actually conceded in his deposition that the first certification indicated he was not entitled to leave. As I understand, what we have in front of us right here is that there wasn't any certification that you, that your client provided to the employee to go get some certification that was valid until the last one. There was no form valid. If you look at the issues that my opponent has raised in the briefs about supposedly was wrong with those forms, for instance, that it didn't provide anything for psychological care, even that last form didn't indicate that there was any need for psychological care. I mean, as I've been saying, even the last form was not sufficient. I'm sorry, I lost my train of thought with what else I was going to say about that. But I think the other thing that he noted in his briefs was that it didn't indicate anything about some problem in the past. That could be relevant if he had, for instance, in this case, some testimony by a doctor saying, well, I was confused by the former who actually was entitled to leave. That's a big distinguishment between this case and the Scamahorn case. There actually was testimony by the doctor involved saying, this patient of mine, who was suffering from severe depression, needed the care of this family member. So even if the forms may have had some issues with them, I mean, he still has to overcome the initial hurdle of showing to this court that there is a material issue of fact as to whether he was even entitled to leave, which requires, first of all, that his wife was suffering from a serious health condition, but second, that some doctor has indicated, or at least there's some other evidence in the record that would indicate, that he was needed for the ongoing treatment of that condition. That's from the Telus, Marcheshek, Scamahorn cases. I mean, there's several cases that indicate this. So I submit that even if there is potentially an issue with the certifications, the Court doesn't even need to have to go there because there was no – there's not sufficient evidence in the record that he was even entitled to the leave. Here's the – so there's no dispute that this family member was a – was in the hospital, right? That's correct. Okay. And then the family member gets out of the hospital and Mr. Brown is at work and gets a call saying, I'm not feeling well. I – you know, I need you to be here with me, right? That's his position. I don't think there's any dispute that he got that call. If there is, that's a tribal issue. The only thing is that it's undisputed that he called his wife. He didn't get the call. But irrespective, that's – It's customary to do that. You know, you've got a family member who's just out of the hospital. How are you doing, honey? So I am – I don't sort of quite get the full you've got to get a doctor's approval for that kind of thing. Most of us wouldn't do it. I mean, most of us, if we had a family member who's just out of the hospital, had been in the hospital for an appreciable amount of time. This was not a sort of overnight stay for – I don't want to get into the medicals, but this wasn't an overnight stay for, let's say, removing a molar or something like that. It was a condition that was of appreciable medical interest. I mean, it's fairly serious. And so you call home and the answer is, I'm not feeling well, I wish you were here to hold my hand. Or you wish you were here to – you know what happens when you're not feeling well. You want somebody there to bring you tea or whatever. And I don't quite get the getting a doctor's – I mean, what can a doctor say about that kind of thing? You know, a family member following a medical procedure feels the need for family support. Why isn't that – how can you prove that kind of thing up? A couple of things. I mean, first of all, that particular date was July 13th, which was one of the days that we submitted. There's four days subsequent to that where he continued taking leave. He didn't have – I understand, but I want to talk about that date. Okay. We can then talk about other dates as well, but let me just focus on that one date. So following that, the problem is Congress has required there to be a serious medical condition that either is involving incapacity or subsequent treatment for that condition. And the regulations here, which have not been challenged in this regard, say that the employer can require a medical certification. The legislative history on that medical certification from Congress indicates part of the point is to prevent abuse. I understand. I understand that. And what – sort of looking at it, what I thought it said, and maybe you can correct me on this, is you've got to get a doctor's certificate that this is really a serious condition. And, you know – But also that they – Let me just finish. Okay. Let me just finish. But not necessarily you can tell a doctor's certificate saying, gee, honey, I'm feeling bad after my hospital stay, and I need you to come here and tend to me. What can a doctor say as to that? A doctor can tell you whether she really – this person really was sick and really needed hospitalization. But how can a doctor say whether or not they need a family member there to tend to them? That is the doctor's responsibility. That's, I mean, what Congress and the regulations say. I've never heard that description for family care. That's just stuff that family members do. And you've got to – you can dispute the seriousness of the condition. But once you've got a serious condition, isn't the question of whether or not you go and help or do not help a family member home, isn't that sort of a personal question ultimately? It is a personal – but it's not family medical leave. That's the problem. I mean, it's not covered by the statute. You may want to stay home with your family member. Why not? If you have a serious condition – so, you know, we're not talking about somebody who's malingering. You know, we're talking about somebody who had a serious condition, was in the hospital. Where does it say that you have to get a certification for whether or not they need you to be there to care for them? Well, for one thing, there's a couple of prior decisions by this Court where the Court has said that is what is required is that the employee is participating in the ongoing treatment of the condition and was needed to care for the family member. That – Well, you know, it seems so – you know, like this guy's bouncing back and forth between the hospital and the forms. He finally gets this form, and this is the one I'm focusing on, the August 2nd form. It says, if leave is required to care for a family member with a serious health condition, does the patient require assistance? And then the doctor says basic medical and personal needs. And he says, you know, will they be intermittent? It says 7-4 through 7-20. Maybe there's a mis – I don't want to call it a typo, but a miswriting, I guess you'd call it here. And it's signed, and then you have it signed. Needs for basic care within these dates, signed Mr. Garrett Brown. What's wrong with that form? It's just sort of like he kept getting sent back, and they did – am I right that they said, look, this one doesn't really work, but we're not going to terminate you if you'll get us the right form? Right. Okay. They did say that. Exactly. And part of the point is, some of the cases you said in your brief indicate, after that first form that indicated he was not entitled to leave, they could have just terminated him. But they didn't. Right. They kept giving him chances. Get all that. That would have been a different case. Right. The case is, go back and do it, so he drives away and he gets another form. And he finally gets the August 2nd form. Why doesn't that do the trick? Okay. Primarily – well, let's say first of all. And the biggest problem is that there's no indication that there's still any ongoing serious medical condition based on, on the very first page, Section 5A, 7407 was the approximate date of the condition and the duration, 10 days' duration. So it had ended prior to any of the leave in question. On number 4, I mean, going back, just – You know, there's obviously some date confusion here if you look at it and you try to reconcile it. Isn't he trying to get this form to say my past absences are okay, take them off my negative marks list? Well, the 10 days ends at, let's say, 7-13 or 7-14. We're talking about 7-14, 15, 19, and 20. What date did she go to the hospital? She went in, maybe on the 4th? The 4th or the 9th. I believe she went in on the 4th and came out. No, you know, you may be correct. I think she came out on the 13th. That's why I'm saying that she went in on the 9th, she came out on the 13th. She did. This – because there's a little note from such-and-such health center typed up. So that one's pretty clear. I'm just saying I think here he's basically saying, you know, needs care through the 20th. Maybe there's a mis-typo or a mis-writing by the doctor, but basically you're holding that against the employee when it's clear that she was in the hospital. He took some days off. Up to the 20th would include the days he took off. And all he wants is a little credit for when he was trying to help her out. If you gave him the credit through the 20th, then he wouldn't have tipped over his absence policy. Is that right? Not exactly because, as it turned out, he already had enough absences, as they realized before. That was a long time before. Right. So you're not going to really – nobody's even argued that. I mean, my colleague's question is the problem, is the good question, and that I think you really have to answer because if you read this, you don't just get medical leave for being in the hospital or staying in the hospital. You can give care to the person who comes home. And if you look at this particular situation, you've got that 7-4 through 7-20 date in C of 8 signed by the doctor, which says that there is some care needed through that period. And so, therefore, I guess I'm still, as she asked you the question, having a tough time understanding why that doesn't cure up all of the problems that you're suggesting. The regulations also require – this is 29 – excuse me, actually, this is the statute – 29 U.S.C. 2613b, the date of commencement, the duration of the condition, appropriate medical facts regarding it, a statement that the employee is needed to care for the family member. That was a question posed earlier where that comes from. And for intermittent leave, a statement that it's necessary for the care of the family member or will assist in recovery. There's several cases, as I've mentioned before, we've cited in our briefs where courts have found if you don't satisfy these conditions and show all these things on your certification, then it's not good. It asks you the question, if the patient will need care only intermittently on a part-time basis, please indicate the duration, indicates the duration. If leave is required, it says under 8A, blah, blah, blah, blah, blah, basic medical and personal needs. So, I mean, the doctor – that's how doctors – that's how the doctor filled out the form. What should the doctor have said? For intermittent leave – well, first of all, it wasn't intermittent leave because he wasn't there at all. Okay. And he also worked a 4 p.m. to 2 a.m. shift, I think. So he was working primarily during the night. I mean, so the employer was entitled to have information on here indicating this – this – his wife needs him to stay with him during that period of time. He cannot work at any point in time. And when it's intermittent leave that's designated on here, the employer is entitled to know, I mean, the things that the regulations require, that the duration – Wait a minute. Stop, stop, stop, stop. You know, I feel like you must have to need a lawyer to work at this company. Just – because I'm, like, looking at the form he filled out, and I don't see any of those things you're talking about that now you say the regulations require. I mean, the doctor fills out the form that you gave him, and it doesn't say those additional things you're saying aren't in the form. So how are you supposed to define those exactly? Well, this – this is the Department of Labor's form. I mean, and those are Department of Labor regulations. No, but he filled out the form. Where in the form did he miss filling out the form? There was a section – just looking on this last form here. I'm looking at the audit form. I'm going back just for a moment to the medical facts supporting the need for leave. Oh, excuse me. I'm on the wrong form here. 5B was not filled out. Will it be necessary for the employee to take work only intermittently? Well, why isn't – why isn't 5B filled out with 8C? Same question. Well, there was nothing indicating what the schedule was going to be for the intermittent leave. It didn't say what's the schedule. That was in 5B. No. No. It doesn't say what the schedule is. It says will it be necessary for the employee to take work only intermittently or to do the work on less than a full schedule as a result of the condition, including the treatment described in Item 6. Hello? Yes or no. If yes, probable duration. Then you jump to 8, where they answer that. But it doesn't say please provide us a schedule. Okay. I mean, do you see what I'm saying? I mean, you're talking like the guy at the premier who's dealing with him. I mean, every time he comes back, it's never enough. It's like the myth of Sisyphus. He keeps pushing the ball up here and it comes down. And he pushes it up and it comes down. And he filled out the form, and now you're trying to impose regulatory duties that don't seem to be in the form. So either there's a question of fact or the company maybe made a mistake. Or you get — Has this case gone to mediation? I know it didn't happen in this Court, whether it did before, I can't tell you. But before we even get to the issues with the forms, I mean, he still has to show that he's entitled to leave under the Family Medical Leave Act, irrespective of whether he could have complied with the forms if given another opportunity to fix what my client found was wrong with this one. The doctor says that there was a serious medical condition. This gentleman was needed. The doctor has indicated that the condition has passed. I mean, and the treating physician, who is the only one with personal knowledge of his wife, I mean, this doctor didn't see her until days later. But, ma'am, we're talking about a question of fact now. You can throw in all about the treating physician versus the non-treating physician, but that's all for a jury to decide. That isn't something we decide on appeal. There was a case that we've cited in our briefs where another court just rejected on a summary judgment issue, again, like this. Us? I mean, our court? No. That one was not. That's why I'm having a tough time if you're going to argue about whether this doctor is sufficient, that that's not a question of fact. I don't find anything in the regs that say you've got to have the treating physician rather than the family. That is correct. Although the regulations do say that for a certification to be valid, these are the things it needs to have. And there's most of the cases we've cited in our brief all-summary judgment cases. Thank you for your time. Okay. Thank you. Thank you, Your Honors. Initially, I would like to state that the employer did confirm that they acknowledged some sort of medical leave was needed. So that's not even really an issue anymore. I would like to just address some points that were brought up, and specifically on the third certification regarding paragraphs 5 versus 6, 7 or 8. Each section is for different categories. Paragraph, the ones under 5, are actually for the patient. 6, which is also not filled out, goes to additional treatment. It's not until 8 that we get to a family member. So that's the appropriate category, and that's why 5B was not filled out. Once a medical certification is presented under the NOVAC case provided by Premier Chemical, that certification is presumed valid. Now, they may do certain things to try to challenge it if they desire to, but in this case, no doctors were deposed, no expert witnesses were presented. It is simply now Premier will try to act as a lay witness, saying, this doesn't mean anything medical. Well, that's what the FMLA is for, saying here are different ways to do it, and we need the health care professionals to actually make these interpretations so the employee doesn't have to. Can I ask you a question? Is it possible you could win the battle, lose the war? Let's just say that he was entitled to some medical leave, and he could get, you know, days 2, 3, 4, and 5. Is there anything that would preclude the company from then digging back into its bag of absences and saying, well, even so, actually, you have too many? Well, the – what was presented, and this Court said it was so long ago, was his broken ankle issue. They could and they have stated, you know, even if, and I'm arguing it's an AFRA-acquired evidence issue, which doesn't go to the validity of the case, it goes to damages, is also a question of fact. The cases cited by Premier Chemical don't stand for the proposition that Mr. Brown, an employee, cannot retroactively state something was FMLA. The cases cited by Premier go to the fact that you may not bring something up after the fact, such as the company never had notice. The code at issue talks about notice to the employer, and in this case, we did have notice. They don't have to request FMLA. They just have to give them notice of what occurred. It's up under the FMLA in Botschilder. It's up to the company to inform the employee of their FMLA rights, which did not occur. Mr. Brown broke his ankle and has gone for work for two months. I mean, that's clearly covered under the FMLA. He – if that is discounted, then, no, his points are fine. His points are fine. Up until the day his wife went to the hospital, it's the points that started ticking then that were used against him. You missed this date for work when we told you to go get the form today, et cetera. So, no, he's fine up to that date. One moment, Your Honor. I'd also just like to bring up – I wondered if you'd ever tried to mediate this case. In the district court in Nevada, at least in Reno, we have what's called an early neutral evaluation, and I would consider that mediation-slash-settlement, and it did initiate there. And I don't think I'm supposed to talk about what did occur, but it – But you didn't have mediation in the Ninth Circuit process. We did not. Okay. Well, the reason I wondered is that it seemed to me that the company, for good or for bad, was leaning over backwards to put your client to work and leaning over backwards to give your client a lot of time and even more days to get his forms together. And now they finally terminated him, so therefore it seems to me the company may have some reasonable ability to put him to work, and it seems to me that there's a good mediatable situation here. I think I can say I agree with you on that without disclosing what occurred. Of course, nothing would preclude on leaving this courtroom for you all to talk. That is correct. Sometimes things look different on paper than when you go through it. I would simply like to state the facts, and you can then tell how I perceive them. One day, here are the papers. You must return them today. Go drive, find a doctor within hours, and come back. Difficult to do. Forms are not good enough. New chance, but you must do it today. He attempts that on July 20th. At that point in time, he's never told there's any problems with the second set of papers, other than he's now fired. After he's fired, there's another meeting set up, and it's stated, okay, here's now the Department of Labor forms. He returns those, and the company's position is, well, the previous termination was just. And the last point, we keep hearing arguments that the forms were deficient, did not require everything under the FMLA to be presented. Well, that's because the forms didn't ask all the right questions. You can't state that, well, we need A, B, C, D, as the regulations say, but not ask those questions. Those were properly asked on the final form, and they were given. Okay. Thank you, Your Honor. Thank you. The case is argued, the case is moved.
judges: Kozinski, McKeown, Smith